USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5-15-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

SCOTCH & SODA B.V.,

                  Plaintiff,

-against-                    1:17-cv-04561 (ALC)

                                       **OPINION AND ORDER**

SCOTCH AND IRON LLC
RUSSELL TAYLOR,

                  Defendants.

-----------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Scotch & Soda B.V., Inc. ("Plaintiff"), a clothing distributor brings this action against competitor, Scotch and Iron LLC and its founder Russel Taylor (collectively "Defendants") alleging trademark infringement, false designation of origin, false advertising, and unfair competition pursuant to the 15 U.S.C. § 1114(1)(a) (the "Lanham Act"), New York Common Law, and NY Gen. Bus. Law § 360. Defendants now move to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. Pro Rule 12(b)(6). Defs.' Mot. Dismiss, ECF No. 19. For the reasons set forth below, Defendants' motion is **DENIED**.

### BACKGROUND

Plaintiff Scotch & Soda B.V. is a Netherlands corporation that sells a variety of consumer goods including clothing, bags, jewelry, and accessories. Compl. ¶¶ 2, 7, ECF No. 1. Plaintiff is the owner of five trademarks: SCOTCH & SODA, SCOTCH SHRUNK, MAISON SCOTCH, SCOTCH R'BELLE, AND ATELIER SCOTCH (together "Plaintiff's SCOTCH Marks"). *Id*. at ¶ 7. Plaintiff began using Plaintiff's SCOTCH Marks, including its SCOTCH & SODA mark, in the United States in connection with goods, services, and retail stores (including online retail stores) as early as 2006. *Id*. at ¶ 10. Plaintiff alleges that Defendants Scotch & Iron and Russell

1

Taylor have adopted and are using the highly similar "SCOTCH & IRON" mark, including in connection with highly similar goods and services, such as clothing and retail stores, without prior authorization from Plaintiff. *Id.* at ¶ 11-12. Based on these facts, Plaintiff pleads five claims against Defendants.

First, that Defendants have infringed on Plaintiff's trademarks pursuant to the Lanham Act. 15 U.S.C. § 1114. Plaintiff claims that, without Plaintiff's consent or authorization, Defendants have adopted the SCOTCH & IRON mark, which is confusingly similar to Plaintiff's SCOTCH Marks, and Defendants are using the mark in a way that damages the Plaintiff and is likely to cause confusion, mistake, and deception as to the origin of the goods and services offered by Defendants. Compl. ¶¶ 17-30, ECF No. 1. Second, that Defendants' actions constitute common law infringement under the laws of the State of New York. *Id.* at ¶¶ 31-40. Third, that Defendants SCOTCH & IRON mark represents a false designation of origin and false advertising under the Lanham Act because the mark leads consumers to believe Defendants' goods and services originate from Plaintiff. *Id.* at ¶¶ 41-51. Fourth, that Defendants' mark creates unfair competition by capitalizing on the goodwill associated with Plaintiff's SCOTCH marks. *Id.* ¶¶ 52-59. Fifth, that Defendants' actions constitute trademark infringement, dilution, unfair competition, and unlawful injury to business pursuant to NY Gen. Bus. Law § 360. *Id.* at ¶¶ 60-62.

**STANDARD OF REVIEW**

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks

omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663.

Finally, when presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider "documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken." *Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 345 (S.D.N.Y. 2014) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

## DISCUSSION

To prevail on a trademark infringement claim under the Lanham Act, 15 U.S.C. § 1114, a plaintiff must demonstrate: (1) "plaintiff's mark merits protection," and (2) "defendant's use of a similar mark is likely to cause consumer confusion."[1] *Christian Louboutin S.A. v. Yves Saint*

---

[1] "Courts employ substantially similar standards when analyzing claims for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a); false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a);

*Laurent Am. Holdings, Inc.*, 696 F.3d 206, 216–17 (2d Cir. 2012) (citation and internal quotation marks omitted); *see also Juicy Couture v. Bella Intern. Ltd.*, 930 F. Supp. 2d 489, 498 (S.D.N.Y. 2013) ("To prevail on an infringement action, a plaintiff must demonstrate: (1) 'that it has a valid mark entitled to protection,' and (2) 'that the defendant's use of that mark is likely to cause confusion.'") (quoting *Time, Inc. v. Petersen Publ'g Co. LLC*, 173 F.3d 113, 117 (2d Cir. 1999)).

To determine whether a defendant's mark is likely to cause confusion, courts consider the eight factors enumerated in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961): (1) the strength of the plaintiff's mark; (2) the similarity of the marks; (3) the competitive proximity of the products in the marketplace; (4) the likelihood that the senior user will "bridge the gap" by moving into the junior user's product market; (5) evidence of actual confusion; (6) the junior user's bad faith in adopting the mark; (7) the respective quality of the products; and (8) the sophistication of the consumers in the relevant market. *Juicy Couture*, 930 F. Supp. 2d at 498 (citing *Polaroid*, 287 F.2d at 495). Plaintiffs are not required to address the *Polaroid* factors in their complaint, as "such a requirement would be inconsistent with the 'notice pleading' philosophy of the Federal Rules of Civil Procedure." *LBF Travel, Inc. v. Fareportal, Inc.*, No. 13 Civ. 9143 (LAK) (GWG), 2014 WL 5671853, at *8 (S.D.N.Y. Nov 5, 2014) (citing *Eliya, Inc. v. Kohl's Dep't Stores*, No. 06 CIV.195 (GEL), 2006 WL 2645196, at *3 n.2 (S.D.N.Y. Sept. 13, 2006)).

Courts have also observed that "[l]ikelihood of confusion is a fact-intensive analysis that ordinarily does not lend itself to a motion to dismiss." *Van Praagh v. Gratton*, 993 F. Supp. 2d 293, 303 (E.D.N.Y. 2014) (collecting cases). Due to the nature of the standard, "[a] motion to

---

trademark infringement under New York common law; and unfair competition under New York common law." *Van Praagh v. Gratton*, 993 F. Supp. 2d 293, 301 (E.D.N.Y. 2014) (citing *Richemont North America, Inc. v. Huang*, No. 12 Civ. 4443(KBF), 2013 WL 5345814, at *5 n. 15 (S.D.N.Y. Sept. 24, 2013)).

dismiss will be granted for failure to plead likelihood of confusion only if 'no reasonable factfinder could find a likelihood of confusion on any set of facts that plaintiff could prove.'" *LBF Travel*, 2014 WL 5671853, at * 8 (quoting *Brown & Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 617 (E.D. Pa. 2010)).

Here, Defendants' provide four reasons to dismiss the Complaint. First, Plaintiff does not have a trademark on the word "SCOTCH." Second, Plaintiff's Complaint does not sufficiently compare Plaintiff's SCOTCH marks to Defendants' mark to demonstrate infringement. Third, Plaintiff's allegations of consumer confusion are conclusory. Fourth, the parties' marks are so dissimilar that there is no possibility of confusion, warranting dismissal as a matter of law.

Defendants' first two arguments can be readily dismissed. In its Complaint, Plaintiff alleges that Defendant's SCOTCH & IRON mark is confusingly similar to Plaintiff's five SCOTCH marks. Defendant, in its motion, asserts that though Plaintiff claims it has five unique trademarks, Plaintiff's Complaint reduces them to their unifying feature—the word "SCOTCH". According to Defendant, the implication is that Plaintiff is asserting trademark infringement based on the word "SCOTCH" (a trademark that Plaintiff admits it does not own) rather than Plaintiff's more specific marks, such as "SCOTCH & SODA" or "SCOTCH SHRUNK." Thus, in Defendants' eyes, Plaintiff's Complaint fails to state a claim because Plaintiff does not own the trademark to the word "SCOTCH". Further, Defendant argues that Plaintiff's Complaint never compares any of its five SCOTCH marks as a whole to Defendants' mark, and, again, relies on the use of the word "SCOTCH" as the basis for alleging that Defendants' mark infringes of Plaintiff's trademark.

It is not clear how these arguments relate to the plausibility of the Complaint. As noted above, at the motion to dismiss stage, courts only assess if there are "enough facts to state a

5

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's Complaint states that Defendants' mark "SCOTCH & IRON" is similar to Plaintiff's "SCOTCH" marks, which usually takes the form of "SCOTCH" plus another word, and will likely create consumer confusion because both parties' marks are used in connection with goods and services related to the sale of clothing. Though Plaintiff refers to its marks by their unifying feature, i.e. the word "SCOTCH", the Court does not read Plaintiff's Complaint to merely plead that the basis for Plaintiff's infringement claims is that Defendants' mark also uses the word "SCOTCH". Rather Plaintiff's argue their trademark is infringed when another clothing retailers uses the combination of the word "SCOTCH," an ampersand, and another unrelated word. As, defendants' arguments requires a strained reading of Plaintiff's Complaint for which the Court sees no justification, Defendants' first two arguments fail.

Defendants' third and fourth arguments, which relate to Plaintiff's claims regarding the likelihood of consumer confusion, are equally unavailing. At the outset, "although likelihood of confusion is an element of plaintiff's claims for trademark infringement and unfair competition[,] . . . it is not an inquiry appropriate on a motion to dismiss." *Deere & Co. v. MTD Prod., Inc.*, No. 00 CIV 5936 (LMM), 2001 WL 435613, at *1 (S.D.N.Y. Apr. 30, 2001). Indeed, "[o]n a motion to dismiss the Court must accept the allegations in the Complaint as true and it cannot undertake the fact-dependent likelihood of confusion analysis." *Id.* Accordingly, the hurdle for Plaintiff's claims regarding the likelihood of confusion is exceedingly low.

Plaintiff's Complaint alleges that Defendants' mark "SCOTCH & IRON" is "highly similar" and is used in "connection with highly similar goods and services" and are offered, marketed, advertised, and promoted "through identical or highly related channels to those employed by the Plaintiff." Compl. ¶¶ 11-12, 20-22, ECF No. 1. As a result, Defendants' mark

is "likely to cause confusion, mistake, and deception as to the source or origin of the goods and services offered by Defendants, giving the impression that these goods and services offered by Defendants are authorized or offered by, or affiliated with Plaintiff, when in fact they are not." *Id.* at ¶¶ 19, 27-29. Without engaging in a more thorough factual analysis, the Court finds that a reasonable factfinder could find a likelihood of confusion based on any set of these facts the Plaintiff could prove. *See LBF Travel*, 2014 WL 5671853, at * 8 (quoting *Brown & Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 617 (E.D. Pa. 2010)).

The cases Defendants' cite to support their position that Plaintiff's claims of confusion are conclusory are distinguishable. In *Small Bus. Bodyguard, Inc. v. House of Moxie, Inc.*, plaintiff's trademark infringement claims were dismissed because they were actually breach of contract claims and plaintiff's conclusory assertions about confusion were insufficient to transform their contract claim into a trademark claim. No. 14 CIV. 7170 CM, 2014 WL 5585339, at *6 (S.D.N.Y. Oct. 30, 2014). There is no suggestion that Plaintiff's claim in the instant case are contract claims (or any other claims for that matter) poorly disguised as a claim of trademark infringement. Next, in *DO Denim, LLC v. Fried Denim, Inc.* dismissal was granted because plaintiff failed to meet a specific requirement to make a claim for trade dress infringement, which is not at issue in this case. 634 F. Supp. 2d 403, 408 (S.D.N.Y. 2009). And, in *Sara Designs, Inc.*, dismissal was warranted because plaintiff also failed to meet specific requirements to allege trade dress infringement and did not allege that defendant used plaintiff's mark or any "trademarks even remotely similar." 234 F. Supp. 3d 548, 557 (S.D.N.Y. 2017). That is not the case here, and thus Defendants' argument that Plaintiff's claims of consumer confusion are conclusory lacks merit.

Defendants' also cite cases to argue that Plaintiff and Defendants' marks are so dissimilar that dismissal is warranted as a matter of law. But, there cases are similarly distinguishable.[2] In *Le Book*, the court dismissed plaintiff's trademark infringement claim because looking at the directories at issue cumulatively, the only similarity in the marks was the generic term "book", whereas here, the issue is the use of term "SCOTCH" followed by an ampersand followed by another term as a name for a clothing brand. *Le Book Pub., Inc. v. Black Book Photography, Inc.*, 418 F. Supp. 2d 305, 312 (S.D.N.Y. 2005); *see also Energy Intelligence Grp., Inc. v. UBS Fin. Servs., Inc.*, No. 08 CIV. 1497 (DAB), 2009 WL 1490603, at *7 (S.D.N.Y. May 22, 2009) (dismissing trademark infringement claim where the plaintiff's mark was generic and defendant's prominent use its well-known name, UBS, significantly reduced the likelihood of consumer confusion) (quotations omitted). The similarities between the marks in this case are more specific and not limited to the generic term "SCOTCH", thus dismissal is not due as a matter of law. Accordingly, this court finds that Plaintiff has sufficiently pled its trademark infringement claim.

Finally, Defendants premise their Motion to Dismiss Plaintiff's remaining claims for false designation of origin, false advertising, and unfair competition on Plaintiff's failure to allege a likelihood of confusion. However, because the court finds that Plaintiff has plausibly alleged its trademark infringement claim, Defendants' motion to dismiss the remaining claims is also denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint is hereby **DENIED**.

---

[2] *Nabisco* is not instructive because it considered a motion for summary judgment where a more detailed factual analysis is required than is appropriate at the motion to dismiss stage. 220 F.3d 43 (2d Cir. 2000).

SO ORDERED.

Dated: May 15, 2018
    New York, New York

                                        ANDREW L. CARTER, JR.
                                        United States District Judge